536 S.W.2d 622 (1976)
E--- S---, Appellant,
v.
The STATE of Texas, Appellee.
No. 15519.
Court of Civil Appeals of Texas, San Antonio.
April 21, 1976.
*623 Antonio G. Cantu, San Antonio, for appellant.
Ted Butler, Crim. Dist. Atty., Susan Spruce, Asst. Crim. Dist. Atty., San Antonio, for appellee.
CADENA, Justice.
This is an appeal from an order of the Judge of County Court at Law No. 3 of Bexar County (identified in the remainder of this opinion as "Court 3"), purporting to sit as a juvenile judge, granting the State's motion to modify disposition and revoking probation previously granted appellant, a juvenile. See Tex.Family Code Ann., art. 54.05.
Appellant asserts that the Judge of Court 3 lacks jurisdiction to hear cases involving juveniles.
Our Constitution enumerates the courts in which the judicial power of this State is vested, but empowers the Legislature to create other courts. Tex.Const. art. 5, § 1. In the exercise of the power to create additional courts, the Legislature has created six county courts at law in Bexar County.
Court 3 was created by Tex.Rev.Civ.Stat. Ann., art. 1970-301d, and the jurisdiction of such court is delineated in § 2 of that statute. The first paragraph of § 2 defines the criminal jurisdiction of Court 3 as being the same criminal jurisdiction vested in county courts having criminal jurisdiction, including appellate jurisdiction in all criminal cases appealed from justice and corporation courts. The second paragraph of § 2 clothes Court 3 with ". . . the same jurisdiction and powers in civil actions,... that are now or may be conferred by law upon ... the County Court at Law No. 1, of Bexar County, Texas, and in the County Court at Law No. 2, of Bexar County, Texas, and the Judges thereof."
Cases involving juvenile delinquents are classified as civil cases, and it is agreed that the second paragraph of § 2, which delineates the criminal jurisdiction of Court 3, does not clothe that court with power in juvenile proceedings. It is also conceded that County Court at Law No. 1 of Bexar County and County Court at Law No. 2, by express legislative declaration, lack jurisdiction in juvenile cases. Article 1970-301, Tex.Rev.Civ.Stat.Ann. It is, therefore, conceded that the power of the Judge of Court 3 to sit as a juvenile court is not granted by the first two paragraphs of § 2.
The first argument in support of the assertion that such Judge has jurisdiction in juvenile cases rests on (1) the designation of *624 the County Court[1] of Bexar County as the juvenile court by the Bexar County Juvenile Board; and (2) a certificate by the Judge of the County Court asserting his inability to act in juvenile matters and designating the Judge of Court 3 "as the Juvenile Court Judge to act for and in place and stead of the County Judge in all juvenile matters under Title 3 of the Family Code of Texas."
Appellant raises no question concerning the potential jurisdiction of the County Court in juvenile matters, and does not challenge the validity of the order of the juvenile court designating the County Court as juvenile court. However, he asserts that the subsequent attempt by the Judge of the County Court to designate the Judge of Court 3 as juvenile judge cannot be given effect.
The efficacy of the attempt by the Judge of the County Court to clothe the Judge of Court 3 with juvenile jurisdiction depends upon the provisions found in the third paragraph of § 2 of Article 1730-301d. The relevant portions of such paragraph are as follows:
The Judge of the County Court at Law No. 3 of Bexar County, Texas, upon certification of the County Judge of Bexar County, Texas, because of conflicting duties, or absence or inability to act; or, upon the failure or refusal or such County Judge to act for any reason or cause, shall also be authorized and empowered to act for and in the place and stead of said such County Judge in any lunacy, probate and condemnation proceeding or matter, and also may perform for the County Judge of Bexar County any and all other ministerial acts required by the laws of this State of said County Judge of Bexar County, Texas, . . .. Provided, that the powers thus conferred on the Judge of the County Court at Law No. 3, of Bexar County, Texas, shall extend to and include all powers of the County Judge of Bexar County, Texas, except his powers and duties in connection with the transaction of the business of the County as presiding officer of the Commissioners Court, and in connection with the budget of Bexar County. (Emphasis added.)
The emphasized portion of paragraph 3 will be referred to, not accurately, as "the proviso."
Assuming that the conditions specified in paragraph 3 are satisfied, the pertinent portions may be more simply stated as follows: The Judge of County Court at Law No. 3 shall also have the power to act for the County Judge in any lunacy, probate and condemnation proceeding, and to perform for the County Judge any other ministerial acts required of the County Judge by law. Provided, that the powers thus conferred on the Judge of County Court at Law No. 3 shall include all powers of the County Judge, except his powers and duties as presiding officer of Commissioners Court and in connection with the county budget.
The first power granted clearly does not include the authority to act for the County Judge in juvenile matters, since the grant is expressly limited to lunacy, probate and condemnation proceedings. Nor is it contended that the second power granted, which is the power to perform ministerial acts, includes the power to sit as judge of the juvenile court. The power of the Judge of Court 3 to act in the place of the County Judge in juvenile proceedings must, therefore, be found in the proviso.
The State contends that the language of the proviso to the effect that the powers "thus conferred" on the Judge of Court No. 3 "include all powers of the County Judge" has the effect of clothing the Judge of Court 3 with the authority to exercise all powers vested in the County Judge, including the power to sit as juvenile judge. We are told that this interpretation is compelled by the statement found in many cases, including Ex parte Roloff, 510 *625 S.W.2d 913, 915 (Tex.Sup.1974), to the effect that all parts of a statute must be considered together so that, if possible, effect is given to all parts. It is, of course, impossible to quarrel with such statement, since it does no more than remind us that in interpreting statements we consider every part of the statement, the context in which it appears, and the apparent intent of the person making the statement, including the purpose which he was seeking to achieve.
The statement that the powers "thus conferred" include all powers of the County Judge immediately triggers a search for the powers "thus conferred." The phrase "thus conferred" suggests the presence of an antecedent to which it is referable. Absent such an antecedent, the words "thus conferred" are unnecessary and meaningless. It cannot be argued that the phrase, "powers thus conferred," refers to the subsequent grant, in the same sentence, of "all powers of the County Judge." Such construction would require that we be convinced that the Legislature, with great solemnity, has declared that "all powers of the County Judge shall include all powers of the County Judge." The only sensible construction is that the phrase refers to powers granted in portions of the statute other than the proviso.
In their briefs, the parties restrict the effect of the proviso to paragraph 3 of § 2, and so shall we. The powers specifically enumerated in that paragraph are the powers, given certain conditions, to (1) act for the County Judge in lunacy matters; (2) act for the County Judge in probate matters; (3) act for the County Judge in condemnation matters; and (4) act for the County Judge in the performance of ministerial acts. The powers do not exhaust the jurisdiction of the County Judge since they do not include juvenile proceedings. A statement that the powers include all powers of the County Judge, if given the construction for which the State contends, would then become a statement to the effect that the lesser includes the greater. If the Legislature intended that, given certain conditions, the Judge of Court 3 should be vested with all powers of the County Judge, it chose a singularly inartistic and cumbersome manner of expressing such intent.
The interpretation for which the State contends does not consider and give effect to all parts of paragraph 3. It ignores the phrases, "thus conferred." It renders the words giving the Judge of Court No. 3 power to act in lunacy, probate and condemnation matters superfluous. It renders superfluous the language authorizing the Judge of Court No. 3 to perform ministerial acts for the County Judge. Insofar as the power-conferring language of the paragraph is concerned, the State would focus on and give effect to only some of the words of the proviso, casting all else into the limbo of unnecessary verbiage.
If the proviso is read together with all other parts of paragraph 3, and if effect is given to all parts of such paragraph, then the paragraph clothes the Judge of Court No. 3, under certain conditions, with all the powers necessary to enable him to act, in the place of the County Judge, in lunacy, probate and condemnation proceedings, and to perform ministerial acts for the County Judge. It does not empower the Judge of Court 3 to act for the County Judge in juvenile matters.
The next basis for the claim that the Judge of Court No. 3 may sit as juvenile judge rests on the fact that the Bexar County Juvenile Board formally designated Court No. 3 as the juvenile court for Bexar County. The State does not contend that the action of the juvenile board had the effect of enlarging the jurisdiction of Court No. 3 beyond the jurisdiction conferred on that court by the Legislature. But it is asserted that § 51.04(b) of the Family Code, which provides that in a county, such as Bexar, having a juvenile board, ". . . the board shall designate one or more district, criminal district, domestic relations, juvenile, or county courts or county courts at law as the juvenile court, . . ." operates as a legislative grant of power to county courts at law in such counties to sit as juvenile courts.
*626 Our first juvenile court act vested jurisdiction of juvenile matters in the district and county courts. Tex.Laws 1907, ch. 65, § 2 at 138. In 1925 criminal district courts were added to the list of courts which might exercise criminal jurisdiction. Tex. Rev.Civ.Stat.Ann., art. 2329 (1925). In 1943 such jurisdiction was withdrawn from criminal district courts. Tex.Laws 1943, ch. 204, § 4 at 314. However, in 1945, the juvenile court act, Article 2338-1 (1943) was amended to restore such jurisdiction to criminal district courts. Tex.Laws, 1945, ch. 35, § 1 at 52.
In order to help prevent the confusion which might result from the fact that several courts were vested with juvenile jurisdiction, the Legislature in 1909 authorized the judges eligible to exercise such jurisdiction to select one of the eligible courts to handle all cases arising under the juvenile court law. Tex.Laws 1909, ch. 55, § 1 at 101-03. In 1943 the authority to designate the judge of juvenile court was lodged in the juvenile board in counties having such a board. Tex.Laws 1943, ch. 204, § 4 at 314. See Frey, The Evolution of Juvenile Court Jurisdiction and Procedure in Texas, 1 Tex. Tech.L.Rev. 209, 217-19 (1970).
An examination of the predecessors of § 51.04 of the Family Code reveals that statutory provisions for the designation of one court to sit as a juvenile court limited the choice of the designating authority to a selection from among courts to whom the Legislature had expressly granted jurisdiction over juvenile matters. For example, when the criminal district court was empowered, in addition to district courts and county courts, to hear juvenile delinquency cases, the statute expressly declared that county courts, districts courts, and criminal district courts ". . . shall have original jurisdiction in all such proceedings." Article 2329, Tex.Rev.Civ.Stat. (1925). After criminal district courts were removed from the list in 1943, the Legislature, when it again vested such jurisdiction in criminal district courts in 1945, after providing that in counties having juvenile boards such boards may designate ". . . the County Court or one or more of the District Courts or Criminal District Courts to be the Juvenile Court or Courts for such county,. . ." added a paragraph specifically stating that the Criminal District Courts ". . . shall have the same jurisdiction, powers, authority and duties as is [sic] now or may be conferred upon District Courts in regard to such children." Tex.Laws 1945, ch. 35 § 1 at 52. We do not construe § 51.04 of the Family Code as a grant of jurisdiction in juvenile matters to the courts there enumerated. Rather, it does no more than provide a procedure by which, in counties having more than one court otherwise empowered to act in juvenile cases, it will be possible to develop, within the existing jurisdictional framework, the expertise, knowledge, and skill in juvenile matters necessary to achieve the expressed purpose of protecting the best welfare of children and of society. See Tex.Family Code Ann. § 51.04(e); In Re Cockrell, 493 S.W.2d 620, 624 (Tex.Civ.App.Amarillo 1973, writ ref'd n. r. e.).
Since neither Article 1970-301d, Tex.Rev.Civ.Stat.Ann. nor § 51.04 of the Family Code empowers County Court at Law No. 3 of Bexar County, nor the Judge of such Court, to act as the juvenile court for such county, the attempts of the County Judge and the Juvenile Board of Bexar County to clothe the Judge of County Court at Law No. 3 with the power to sit as juvenile judge were ineffective. The judge of County Court at Law No. 3 lacked jurisdiction to enter the order of which appellant complains.
The record reflects that the State's motion to modify disposition and to revoke probation was filed in the 187th District Court of Bexar County, which undoubtedly has power to sit as the juvenile court. Therefore, we do not have before us a case in which the proceedings were initiated in a court lacking jurisdiction over the subject matter. That is, the problem here involves not lack of jurisdiction in the court in which the proceedings were pending, but lack of power of the judge of another court who attempted to exercise a jurisdiction which is *627 not vested in him or in his court. Since it is only the action of the Judge of County Court at Law No. 3 which we have held to be of no effect, the proper order by this Court is simply one setting aside such void action, rather than an order dismissing the motion to modify disposition which was filed in the proper court.
The judgment appealed from is reversed and the cause is remanded to the juvenile court of Bexar County.
NOTES
[1] The term "County Court" refers to the county court mentioned in Article 5, § 1 of the Constitution, which is sometimes referred to as "the constitutional County Court" to distinguish it from county courts at law which are not mentioned in the Constitution.