v.

**The STATE of Texas, Appellee.**

**No. 1779.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 8, 1978.

Tom Lambright, Houston, for appellant.

James Hury, Criminal Dist. Atty., Gerald A. Burks, Asst. Dist. Atty., Galveston, for appellee.

**J. CURTISS BROWN, Chief Justice.**

This is an appeal from an adjudication that the appellant was a child who had engaged in delinquent conduct.

The State of Texas instituted proceedings to have the appellant, J. W. B., declared a child who had engaged in delinquent conduct. The State alleged that he intentionally and knowingly operated an automobile in Galveston County, Texas on September 18, 1977 without the effective consent of the automobile's owner. The conduct with which the appellant was charged constitutes a third degree felony in Texas. Tex. Penal Code Ann. § 31.07 (1974). At all relevant times in these proceedings the appellant was sixteen years of age, having been born on September 10, 1961.

An adjudication hearing was held in Galveston County, Texas on October 7, 1977. At the conclusion of the hearing the appellant was found to be a child who had engaged in delinquent conduct.

The appellant asserts, in his sole point of error, that the County Court at Law No. 2 erred in that finding because it lacked jurisdiction to sit as a juvenile court. Although we believe that court has juvenile jurisdiction, we do not reach the issue raised by the appellant because we are unable to answer the threshold question of whether that was the court that entered the adjudication order. The record reflects that the State's original petition and first amended petition were filed in the Family District Court for the 306th Judicial District of Texas. The 306th District Court later transferred the cause to the County Court at Law No. 2. All subsequent rulings in these proceedings were signed by the judge of the County Court at Law No. 2 as "Acting Judge" of the 306th District Court. The statement of facts reflects that testimony in the cause was taken in the County Court at Law No. 2, but the adjudication order shows that evidence and arguments were presented in, and judgment rendered by, the 306th District Court.

We know of no statutory authority by which juvenile cases filed in the 306th District Court may be transferred to the County Court at Law No. 2. Nor are we aware of any authority by which the judge of a county court at law may sit as "acting judge" in a district court. The adjudication order is reversed, and the cause remanded to the Family District Court for the 306th Judicial District of Texas for further proceedings consistent with this opinion.

Reversed and remanded.