**In the Matter of G. B. B., Appellant.**

**No. 6696.**

Court of Civil Appeals of Texas, El Paso.

Sept. 20, 1978.

Rehearing Denied Oct. 18, 1978.

Lynch, Chappell, Allday & Aldridge, Randall Lundy, Tom C. McCall, Midland, for appellant.

Leslie C. Acker, County Atty., Midland, for appellee.

OPINION

WARD, Justice.

This is an appeal from the order of the Juvenile Court of Midland County waiving its exclusive jurisdiction of a minor and transferring the juvenile to the District Court for criminal proceedings. We affirm.

A petition was filed by the County Attorney of Midland County in the County Court of Midland County and as the Juvenile Court which alleged that the juvenile, G. B. B., had engaged in delinquent conduct in that he had committed aggravated rape and burglary on June 14, 1977. The petition prayed that a hearing be had to determine if the child should be transferred to the criminal Court for further prosecution as an adult, or, alternatively, that a hearing be had to determine if he had engaged in delinquent conduct and be further disposed of in Juvenile Court. Thereafter, the County Judge, proceeding as the designated Juvenile Court Judge of Midland County, conducted a hearing on the issue of waiver of juvenile jurisdiction, and waived the jurisdiction of the Juvenile Court and transferred the child to the 142nd Judicial District Court for criminal proceedings in accordance with the Code of Criminal Procedure.

Twenty-six points are presented in this appeal. The first point attacks the jurisdiction of the Juvenile Court because as a constitutional County Court it did not possess the subject matter jurisdiction to hear juvenile cases. The argument is that at the present time in the legislative history of the many altered changes that have been made regarding the Courts that have become eligible for designation as Juvenile Courts, the constitutional County Courts since the repeal of Article 2338–1 in 1973 (Acts 1973, 63rd Leg., p. 1485, ch. 544, Sec. 3, effective September 1, 1973, and codified as Title 3 of the Texas Family Code, Sections 51.01, et seq.) are now without that jurisdiction.

In Midland County, the County Court acts as a Juvenile Court, it being conceded that it does so by virtue of its designation by the Midland County Juvenile Board. The Midland County Juvenile Board was created by Article 5139Q, Tex.Rev.Civ.Stat. Ann., and is composed of the County Judge of Midland County, the Judges of the 142nd and 238th Judicial District Courts, the Judge of the Court of Domestic Relations in Midland County, and the Judge of the County Court at Law of Midland County.

The grant to the Legislature of the power to change the jurisdiction of the County Courts comes from Article 5, Secs. 8 and 22 of the Texas Constitution. Article 5, Sec. 22, which is relevant to the question before us, provides:

"The Legislature shall have power, by local or general law, to increase, diminish or change the civil and criminal jurisdiction of County Courts; and in cases of any such change of jurisdiction, the Legislature shall also conform the jurisdiction of the other courts to such change."

In interpreting this Section Texas Courts have consistently held that the Legislature may divest the County Court of all or part of its civil or criminal jurisdiction, or both, and the jurisdiction withdrawn may be placed in other Courts. *Muench v. Oppenheimer*, 86 Tex. 568, 26 S.W. 496 (1894); *Regian v. Sowell*, 534 S.W.2d 175 (Tex.Civ. App.—Waco 1976, writ ref'd n. r. e.).

Seemingly, the parties are in agreement that by 1957, when the Midland County Juvenile Board was created, the constitutional County Court of Midland County had the jurisdiction to hear juvenile matters. To have that jurisdictional grant at that time, it would have to have been under Section 4, Article 2338–1, as no other Statute, either general or special, can be found where the grant of power could have been

conferred. Jurisdiction over juvenile matters is not conferred upon the County Court by the Constitution. See Article 5, Sec. 16. Article 2329, Tex.Rev.Civ.Stat.Ann. (1925), did give the County Courts original jurisdiction to hear juvenile delinquency cases. That Statute was repealed in 1943 when Article 2338–1 was adopted. Article 2338–1 in turn has now been repealed. The only remaining authority now conferring jurisdiction over juvenile matters in the County Court of Midland County is to be found in Section 51.04 of the Texas Family Code, which is entitled "Jurisdiction" and is as follows:

"(a) * * * the juvenile court has exclusive original jurisdiction over proceedings under this title.

"(b) In a county having a juvenile board, the board shall designate one or more district, criminal district, domestic relations, juvenile, or county courts or county courts at law as the juvenile court, subject to Subsection (d) of this section."

The Judge of the Midland County Court is an attorney licensed to practice law in this State, and the limitation provided in Subsection (d) is not applicable.

The question is then presented as to whether or not the Legislature intended for Section 51.04 of the Family Code to confer jurisdiction on the Midland County Court. Respectable authority is to the effect that the Section is not a grant of jurisdiction in juvenile matters to the Courts there enumerated, and that the designation as the Juvenile Court under Section 51.04 of the Family Code is limited to Courts possessing jurisdiction over juvenile matters from a source other than the Family Code. *E___ S___ v. State,* 536 S.W.2d 622 (Tex.Civ. App.—San Antonio 1976, no writ); see Attorney General's Opinion, No. H–325, issued June 12, 1974. Regardless of that, we hold that Section 51.04 of the Family Code does confer the jurisdiction on the Midland County Court for the reasons to be enumerated.

In the first place, Subsection (d) of Section 51.04 as originally enacted eliminated all Courts presided over by non-lawyers from receiving the Juvenile Court designation. When it is recognized that under Texas law, the only type of Court of those listed in Section 51.04(b) that could have a non-lawyer as a presiding judge is a constitutional County Court, it seems obvious that the Legislature had no intent in eliminating all constitutional County Courts from having jurisdiction over juvenile matters when it adopted Title 3 of the Texas Family Code. Further, the last two sessions of the Texas Legislature have adopted amendments to Section 51.04(d) concerning non-lawyer judges sitting as Juvenile Court Judges. If the constitutional County Courts had no juvenile jurisdiction, surely the Legislature would not have wasted its time enacting those recent amendments to Section 51.04.

Finally, since the enactment of Title 3 of the Texas Family Code in 1973, the Legislature has passed additional statutes which point to the fact that the Legislature is firm in its belief that the constitutional County Courts continue to have juvenile jurisdiction. Thus, Article 1970–372 (enacted in 1977) specifically divested the constitutional County Court of Reeves County of its juvenile jurisdiction and vested it in the therein newly created Reeves County Court at Law by using the language that the new Court would have juvenile jurisdiction " * * * over which, by the general laws of the state, the county court of the county would have jurisdiction." Similarly, Article 1970–371, passed in 1971, created the County Court at Law of Randall County, and granted to that new Court jurisdiction over juvenile causes as prescribed " * * * by the constitutional and general laws of this state for county courts." Again see Article 1970–369, also passed in 1977, which created the County Court at Law of Tom Green County. Again, the grant to that Court was of juvenile jurisdiction " * * * over which by the constitution and general laws of the state the county courts have jurisdiction * * * ."

■ For the reasons stated, we hold that the Midland County Court had jurisdiction

to hear and determine juvenile matters, and the Appellant's first point is overruled.

■ Appellant next contends that error occurred because the State's pleadings were not served upon the Appellant and his parents until after detention hearing was held on June 24, 1977. The purpose of the detention hearing was for the Court to determine whether the child would or would not be detained in custody for up to ten days, and Section 54.01, Tex.Family Code Ann., specifically authorizes oral notice of such a hearing. Oral notice of this hearing was given, and the point is overruled.

Appellant asserts that error occurred because the State's notice and summons were defective. As pointed out, the State's petition was in the alternative, stating:

"* * * Petitioner requests the Court to conduct a hearing and after such hearing waive its exclusive jurisdiction of [said child] and transfer the said child to the Criminal Court for prosecution as an adult in accordance with Section 54.02 of the Texas Family Code.

"In the alternative, if this Court declines to so transfer the said [child], then the Court should, after hearing, declare the said child to be a child who has engaged in delinquent conduct as defined in Section 51.03 of the Texas Family Code."

The summons was also in the alternative, stating:

"Such hearing is for the purpose of considering discretionary transfer of such child to criminal court or, alternatively, for the purpose of determining whether such child has engaged in delinquent conduct."

It is the Appellant's contention that the alternative pleadings and summons do not provide adequate notice and violate due process because under the pleadings attached to the summons and under the summons, the Appellant could have been transferred to the criminal Court or adjudicated a delinquent child. Appellant contends that the two procedures are distinctly different, involve different problems of defense, and thereby deprive the Appellant of an adequate opportunity to prepare a defense or

any ability to determine the actual purposes of the hearing. He further contends that the drafters of Title 3 of the Code did not intend for prosecutors to file alternative pleadings under Section 53.04 of the Texas Family Code, as 53.04(a) provides that: "* * * a petition for an adjudication or transfer hearing * * * may be made * * *." The Statute is worded in the disjunctive rather than the conjunctive. Finally, the Texas Family Code Symposium, Commentary, 5 Tex.Tech.L.Rev. 269 at 563 (1974), argues that a binding election be made by juvenile prosecutors.

■ Such contentions have been previously urged in appeals from transfer orders where the prosecuting attorney first filed a petition seeking to have the Appellant adjudge delinquent and then later filed a petition seeking transfer. In each case, the complaint was held to be without merit. *Stockton v. State,* 506 S.W.2d 918 (Tex.Civ. App.—Waco 1974, no writ); *In re W. R. M.,* 534 S.W.2d 178 (Tex.Civ.App.—Eastland 1976, no writ); *R___ E___ M___ v. State,* 541 S.W.2d 841 (Tex.Civ.App.—San Antonio 1976, no writ ref'd n. r. e.). We see no difference where the alternative pleading was filed in the present case and the separate pleadings were filed in those cases. The point is overruled.

■ By Points of Error Nos. 4 and 5, Appellant complains of the order waiving jurisdiction in that the reasons for waiver are not set out in the detailed manner required by Section 54.02(h) of the Texas Family Code. Without repeating the order in this case, it is noted that it is more specific than the order contained in *Matter of Honsaker,* 539 S.W.2d 198 at 200 (Tex. Civ.App.—Dallas 1976, writ ref'd n. r. e.). We hold the order complies with the requirements of the Section and the points are overruled.

■ By the next three points, the Appellant contends that error occurred as the Juvenile Court failed to order a full investigation into the circumstances of the alleged offenses as required by Section 54.02(d) of the Texas Family Code. In response to

motion filed by the State, the Court, on June 21, 1977, ordered that the Midland County Juvenile Probation Officer obtain a complete and diagnostic study of the juvenile and make a social evaluation and full investigation of the juvenile and his circumstances. Nowhere in the order was an investigation into the circumstances of the alleged offenses ordered. It is the contention of the State that the reason for this omission was that the circumstances of the alleged offenses had already been investigated prior to the entry of the Court's order. It is clear from the evidence offered at the transfer hearing that the circumstances of the alleged offenses were being investigated by the local police department and others from the time that the offenses were first reported, and soon after they occurred. Irrespective of the order for an investigation, the Court did hear and consider the circumstances of the alleged offenses at the transfer hearing. Testimony was offered from the complaining witness, and from the investigating private detective who had discovered the alleged weapon and the other articles used by the juvenile and who had taken statements from a friend and brother of the juvenile concerning some of the juvenile's participation in the offenses. Further, at the transfer hearing, statements of these witnesses were all available and were presented in Court. Granted that the stakes in a transfer proceeding are exceedingly high and that it is a critical stage of the Juvenile Court process, we fail to see where any harm has occurred to the Appellant where the investigation and reports were actually made. With this in mind, we overrule these points.

The next three points again relate to the form of the pleading filed by the State asking for transfer and, in the alternative, for adjudication. At the hearing, the State announced ready on its pleadings, and the trial Court then announced that it would proceed only on that portion of the State's pleading dealing with the transfer of the Appellant to the District Court. It then proceeded to try and determine only that issue. The Appellant's position is that because of the State's pleadings and unqualified announcement, the trial Court was then without power to order that the State proceed only on the transfer proceeding, to deprive the Appellant of a jury trial, and to fail to proceed without giving all of the mandatory explanations called for under Section 54.03(b) and which are mandatory at the adjudication hearing. The points are overruled. Only a transfer hearing was held, and the constitutional and statutory rights granted to a juvenile at an adjudication hearing were not involved.

The balance of the points consist of attacks on both the legal and factual sufficiency of the evidence to support the trial Court's findings made in its transfer order, particularly with regard to the six factors which are necessary to be considered by the Court as set out in Subdivision (f) of Section 54.02 of the Code. The evidence established that the Appellant was of the age of sixteen years, four months, at the time of the commission of the offense. The finding that he committed the offense of rape against the person of the complaining witness by using a pistol is not seriously challenged. In that regard, we note that the evidence showed that a violent and repulsive offense was committed against the person of the complaining witness by a person sophisticated enough and alert enough to plan concealment of his facial identification while he committed the offense, to flee the scene after its commission, and to hide and dispose of the pistol used in the attack before any outcry could be made. Further, there was adequate evidence on which a grand jury would be expected to return an indictment against the Appellant.

Favorable to the juvenile, there was evidence from the witnesses that the juvenile cooperated with them in making their reports; that the family, through a grandparent, was financially able to see that the juvenile received the services of private institutions and that those services would be made available to the Juvenile Court; and that through those services, it was hoped that he could be rehabilitated provided he could be properly motivated and would have the support from his immediate fami-

ly. Generally, the recommendations of the psychological and psychiatric examinations were that he be treated as a juvenile.

On the other side of the coin, it appeared that he was addicted to marijuana use up until two months prior to the commission of the offenses; that he exhibited suicidal and homicidal tendencies; that he had experienced psychological neglect and physical abuse from his parents, who had separated, and that he was not wanted by either. When the part of the recommendation for his rehabilitation as a juvenile seemed to depend on a reconciliation with his parents, that opinion could be viewed of little value in view of their past actions and attitudes toward each other and toward the juvenile.

We find the evidence sufficient to support the trial Court's findings. Section 54.-02 does not require that in order for the Juvenile Court to waive its jurisdiction that all matters listed in Subsection (f) must be established. Rather, the Section provides that the Court may waive its jurisdiction if it finds that because of the seriousness of the offense or the background of the child, the welfare of the community requires criminal proceedings instead of juvenile proceedings. *Matter of J. R. C.*, 551 S.W.2d 748 at 753 (Tex.Civ.App.—Texarkana 1977, writ ref'd n. r. e.). While a different conclusion might be reached than that reached by the trial Court, we do not feel under the evidence that we should substitute our judgment in this regard for that of the Juvenile Court. *B. L. C. v. State*, 543 S.W.2d 151 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n. r. e.).

All of Appellant's points have been considered and are overruled. The judgment of the trial Court is hereby affirmed.

OSBORN, Justice, concurring.

I concur, but feel compelled to note that in some instances a summons similar to the one in this case could be determined to be defective and constitute reversible error.

As noted in 5 Tex.Tech.L.Rev. 269, "Texas Family Code," (1974) at 563, the committee which drafted Section 54.02 "intended that the state be forced to an election as to which petition to file." The cases cited by Judge Ward clearly hold that the State may file both a petition for an adjudication hearing and a petition for a transfer hearing. But since the types of hearings and the rights of the juvenile in each type of hearing are substantially different, the notice or summons should set forth which type of hearing is to be held. A juvenile should not be required to complete a hearing without knowing whether the Court contemplates either transfer or adjudication or both while the State's and the defense's evidence is being presented.

In this case, that issue did not arise because the trial Court announced at the beginning of the proceeding that the Court would only consider the State's pleading dealing with the transfer of the juvenile to the District Court. Thus, any error in the alternative pleading in the petition and the alternative notice in the summons was rendered harmless. Tex.R.Civ.P. 434.