**James F. HURY, Jr., Criminal District Attorney, Relator,**

v.

**Raymond E. MAGEE, Judge, Respondent.**

No. 2008.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 6, 1978.

Rehearing Denied Jan. 3, 1979.

James F. Hury, Jr., in pro. per.

Gerald A. Burks, Asst. Dist. Atty., Galveston County, Galveston, for relator.

Raymond E. Magee, Judge, in pro. per.

Tom Lambright, Houston, for respondent.

CIRE, Justice.

This is a petition for a writ of mandamus. Relator, the Criminal District Attorney of Galveston County, asks this court to direct respondent Raymond E. Magee, Judge of County Court No. 1 of Galveston County, to proceed to trial in a case instituted by relator to have a child declared delinquent. Respondent dismissed the petition upon a motion filed by the child's attorney on the ground that County Court No. 1 lacked jurisdiction to sit as a juvenile court.

Relator urges that County Court No. 1 is vested with juvenile jurisdiction by reason of a constitutional grant. For the reasons set out below, we hold that County Court No. 1 has no authority to act as a juvenile court, and accordingly the petition for writ of mandamus is denied.

In his brief respondent sets out a detailed discussion of the history of juvenile jurisdiction in Texas and in Galveston County. Without dwelling at length on this history, it will suffice for our purposes to begin

with an examination of juvenile jurisdiction as it stood just prior to 1969.

At that time juvenile jurisdiction existed in the district and constitutional county courts by virtue of Tex.Rev.Civ.Stat.Ann. article 2338–1 §§ 1 through 24–A, and in the Domestic Relations Court by virtue of Tex.Rev.Civ.Stat.Ann. article 2338–16. In 1969 the Texas Legislature amended Tex.Rev.Civ.Stat.Ann. article 2338–16 to confer jurisdiction on both County Court No. 1 and County Court No. 2 concurrent with the Court of Domestic Relations in cases involving delinquent child proceedings. As a result jurisdiction over juvenile cases was vested in the district and county courts, County Court No. 1, County Court No. 2, and the Domestic Relations Court of Galveston County. This legislation remained in effect until it was repealed in 1977 by the Family District Court Act, Tex.Rev.Civ. Stat.Ann. article 1926a § 3.04(b)(17).

County Court No. 1 is not specifically given jurisdiction over juvenile cases by statute. It is, however, given concurrent jurisdiction with County Court No. 2, Tex. Rev.Civ.Stat.Ann. article 1970–342a, § 2(b). County Court No. 2 in turn is given the same jurisdiction as the Domestic Relations court, Tex.Rev.Civ.Stat.Ann. article 1970– 342b, § 15. As a result whatever juvenile jurisdiction County Court No. 1 may have had was dependent upon the juvenile jurisdiction which the Court of Domestic Relations derived from article 2338–16.

When the Family District Court Act was passed in 1977, the statute creating the Domestic Relations court, article 2338–16, was repealed, and the court was abolished. Tex.Rev.Civ.Stat.Ann. article 1926a, § 3.04(b)(17). This removed the authority over juvenile cases from County Court No. 2, and consequently from County Court No. 1. Accordingly we hold that there is no statutory authority giving County Court No. 1 such jurisdiction.

■ We further hold that no other legislative act accomplishes such a result. Tex. Family Code Ann. section 51.04 contains the following language:

   (b) In a county having a juvenile board, the board shall designate one or more

district, criminal district, domestic relations, juvenile, or county courts or county courts at law as the juvenile court . . ..

Two recent decisions by courts of civil appeals have resulted in a conflict of authority on this point. The El Paso Court of Civil Appeals has held that this language grants to the courts there enumerated, jurisdiction over juvenile matters. *In the matter of G. B. B.*, 572 S.W.2d 751 (Tex.Civ. App. 1978). This holding conflicts with that in *E——— S——— v. State*, 536 S.W.2d 622 (Tex.Civ.App.–San Antonio 1976, no writ), a decision by the San Antonio Court of Civil Appeals. That court held that section 51.04 was not a grant of jurisdiction to the courts listed, but rather provided "a procedure by which, in counties having more than one court *otherwise empowered* to act in juvenile cases, it will be possible to develop, *within the existing jurisdictional framework*, . . . expertise, knowledge, and skill in juvenile matters . . .." 536 S.W.2d at 626 (emphasis added). We agree with this holding.

■ The Attorney General of Texas has also issued an opinion dealing with this question. In Op.No. H–325 (1974) at page 1506, he stated:

   Section 51.04 . . . does not confer the jurisdiction of a juvenile court on courts not already possessing it.

   \*    \*    \*    \*    \*    \*.

Designation as the juvenile court under Sec. 51.04 of the Family Code is limited to courts possessing jurisdiction over juvenile matters from a source other than the Family Code.

We think this is correct. Even though the legislature apparently assumed that these various courts had jurisdiction, there was nothing in the Texas Family Code conferring it. Since abolishing the acts which previously gave juvenile jurisdiction to County Court No. 1, the legislature has taken no action which would reinstate such jurisdiction.

■ The only other source which could confer juvenile jurisdiction on County Court No. 1 is the Constitution of the State of Texas. This is the source upon which rela-

tor bases this appeal. Tex.Const. article V § 16 provides, inter alia,

The County Court shall have the general jurisdiction of a Probate Court; they shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis and common drunkards, grant letters testamentary and of administration, settle accounts of executors, transact all business appertaining to deceased persons, *minors,* idiots, lunatics, persons *non compos mentis and common drunkards,* including the settlement, partition and distribution of estates of deceased persons and to apprentice minors, as provided by law . . .. (emphasis added)

This section grants to the county court some jurisdiction over minors. However, when read in context with the other powers there granted, it is clear that the county court's jurisdiction over minors is limited to those instances where it sits as a probate court, and is not a grant of authority over delinquency proceedings.

Accordingly, since the County Court No. 1 of Galveston County is not vested with jurisdiction to hear juvenile cases by any statutory or constitutional authority, respondent was correct in dismissing the petition filed by relator. No writ of mandamus will issue to respondent.

Writ denied.