**In the Matter of G. C. D., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 8180.**

Court of Civil Appeals of Texas, Beaumont.

Dec. 28, 1978.

Rehearing Denied Jan. 18, 1979.

Dexter Patterson, Port Arthur, for appellant.

Ron Sievert, Beaumont, for appellee.

DIES, Chief Justice.

An original petition filed in the County Court of Jefferson County, Texas, sitting as a juvenile court, April 28, 1977, accused this juvenile of delinquent conduct.

On August 31, 1977, the Jefferson County Juvenile Board transferred all juvenile matters to the 317th Judicial District Court of Jefferson County, effective September 1, 1977.

The State filed an amended petition in the 317th District Court on December 12, 1977, and on March 22, 1978, a second amended petition in that court.

On March 27, 1978, the case was tried in County Court at Law No. 2 of Jefferson County, and judgment and order of probation filed May 23, 1978. From this judgment the juvenile appeals on one point of error that County Court at Law No. 2 lacked jurisdiction to try the case.

*Tex. Family Code Ann. § 51.04* provides, in part:

"(a) This title covers the proceedings in all cases involving the delinquent conduct or conduct indicating a need for supervision engaged in by a person who was a child within the meaning of this title at the time he engaged in the conduct, and the juvenile court has exclusive original jurisdiction over proceedings under this title.*

"(b) In a county having a juvenile board, the board shall designate one or more district, criminal district, domestic relations, juvenile, or county courts or county courts at law as the juvenile court, subject to Subsection (d) of this section." **

This statute does not confer juvenile jurisdiction on a county court at law which when created was not given that jurisdiction. *E–S– v. The State of Texas,* 536 S.W.2d 622 (Tex.Civ.App.—San Antonio 1976, no writ).

To determine if the County Court at Law No. 2 of Jefferson County was given juvenile jurisdiction when it was created takes some statutory tracing.

*Tex.Rev.Civ.Stat.Ann. art. 1970–126a* (Vernon Supp.1978) reads:

"Sec. 2. The County Court of Jefferson County at Law No. 2, shall have, and it is hereby granted, the same jurisdiction and powers in all actions, matters, and proceedings of every nature that are now conferred by law upon and vested in the County Court of Jefferson County at Law, and the Judge thereof."

*Tex.Rev.Civ.Stat.Ann. art. 1970–112* (Vernon Supp.1978) reads, in part:

"The County Court of Jefferson County at Law shall have jurisdiction in all matters and cases, civil and criminal, original and appellate, over which by the general laws of the State the County Court of said County would have jurisdiction. . . ."

And finally, *Tex.Rev.Civ.Stat.Ann. art. 1970–113* (Vernon 1964) reads, in part:

"The County Court of Jefferson County shall retain, as heretofore, general jurisdiction of the probate court . . . and the judge of the County Court of Jefferson County at Law may act for the judge of the county court in any *juvenile,* lunacy or probate *matter* . . .." (Emphasis supplied.)

So while we conclude the Juvenile Board of Jefferson County could designate the County Court at Law No. 2 as a juvenile court, it has not done so. In fact our record shows it (the Board) has so designated the 317th District Court. For this reason, the point of error urged by the juvenile is sustained. The adjudication and the disposition orders both being void, the judgment of the trial court is reversed, and the cause is remanded to the 317th District Court of Jefferson County for further proceedings in accordance with the law and without reference to any action which may have been taken by the County Court at Law.

REVERSED and REMANDED.

KEITH, Justice, concurring.

While I agree that the judgment of the trial court must be reversed, there are certain other aspects of the procedures used in this case which I feel merit discussion. This feeling is prompted by a consideration of the brief filed by State's counsel. Relying upon *Tex.R.Civ.P. 330(e),* counsel mistakenly argues:

"[T]he legislature [sic] passed Rule 330(e), dictating extremely liberal transfer provisions among district courts. The statute is made possible, and is essentially based on, the fact that district courts have equal jurisdiction in all matters. The same is also true of *all* properly authorized and designated juvenile courts and, consequently, a policy of free transfer would be consistent with that statute." (emphasis in text)

Counsel is in error for several reasons, the first and most obvious being that the

* (Vernon Supp.1978).

** (Vernon 1975).

rule, promulgated by the Supreme Court, is applicable only to *district* courts. I reserve a more serious point—the applicability of *Tex.Rev.Civ.Stat.Ann. art. 200b (Supp. 1978–79)*—for later discussion. In this case, there are many jurisdictional anomalies and I shall now attempt to trace the course of this case during its peregrinations through the Jefferson County Courthouse, noting that it has only two constant factors: (1) the names of the parties and (2) its number—No. 3268 J.

It was originally filed in the constitutional county court of Jefferson County, a bench then occupied by a judge licensed to practice law who was then chairman of the juvenile board of Jefferson County, with said court being the duly designated juvenile court of the county.

The juvenile board subsequently designated the 317th District Court as the juvenile court and ordered all pending matters, including this cause, transferred to such court. This order was entered in the minutes of the district court and of the county court.

Pursuant to the order of transfer, State's counsel filed an amended and a second amended petition complaining of the minor's conduct, each pleading being filed in the 317th District Court. Six days after the filing of the last petition, our transcript shows that a charge was delivered to a jury, the caption indicating that the case was being tried in the 317th District Court, but it was signed by an individual whom we judicially know to have been the judge of the County Court at Law, Number Two, of Jefferson County at that time.

The charge was signed as "Judge Presiding", presumptively of the 317th District Court. I note, however, that both the charge and the verdict were filed in the office of the county clerk, not the district clerk. There is no record showing of how or in what manner the case left the district

court and wound up in the county court at law.

Next, I find a judgment reciting the results of the jury trial earlier noted which found the child to be a delinquent child and placed him on probation for a period of six months. This judgment was entered by the County Court at Law, Number Two, and signed by the judge thereof purportedly "Sitting as a Juvenile Court." We find no record that such court had ever been designated as a juvenile court by the juvenile board. See *Tex. Family Code Ann. sec. 51.04(b) (1975)*. This judgment was filed in the office of the *district* clerk.

The order of probation, also signed by the judge of the county court at law, appears in our record but we are unable to determine in what clerk's office it was filed. Presumptively, it was filed in the district clerk's office, but no file mark appears thereon.

My lengthy resume of the procedural questions presented serves to point up the fact that a child's liberty should not be handled so casually and informally. While State's counsel argues for "extremely liberal transfer provisions" among the several courts, I note that such a philosophy is contrary to the legislative intent as expressed in *Tex. Family Code Ann. sec. 51.04(e) (1975)*, quoted in part in the margin.[1] The juvenile board is charged with the responsibility of selecting a judge, from among those available, "who has a sympathetic understanding of the problems of child welfare", and I am not persuaded that such an informal arrangement as that presented in this record is compatible with the legislative goal or the due process rights of the State or the child.

The child's counsel now relies upon the opinion in *J. W. B. v. State,* 561 S.W.2d 958, 959 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ), wherein Chief Justice Brown

1. *Sec. 51.04(e):* "A designation [of a juvenile court] made under Subsection (b) or (c) of this section may be changed from time to time by the authorized boards or judges for the convenience of the people and the welfare of children. . . . *It is the intent of the legislature*

. . . *that changes in the designation of juvenile courts be made only when the best interest of the public requires it.*" (emphasis supplied) Cf. *In re Cockrell,* 493 S.W.2d 620, 624 (Tex.Civ.App.—Amarillo 1973, writ ref'd n. r. e.), construing the prior statute.

discussed a similar fact situation. I approve and adopt as my own this language taken from *J. W. B.,* supra:

"We know of no statutory authority by which juvenile cases filed in the 306th District Court may be transferred to the County Court at Law No. 2. Nor are we aware of any authority by which the judge of a county court at law may sit as 'acting judge' in a district court."

I would follow this decision in reversing the cause.

There is yet another facet to the problem, the reserved comment concerning *Tex.Rev. Civ.Stat.Ann. art. 200b (Supp.1978–79).* This statute is a forward step in an attempt to simplify the transaction of business in the several specialized courts in the metropolitan areas which have less than complete district court jurisdiction.

While I have been unable to find any court interpretation of this statute, Attorney General Hill did address the question in Opinion H–300 (May 13, 1974), when he was considering the jurisdiction of the Court of Domestic Relations of Nueces County, then operating under the provisions of *Tex.Rev. Civ.Stat.Ann. art. 2338–10.*[2]

General Hill concluded, and I agree, that notwithstanding the broad language of *Art. 200b,* the judge of the Court of Domestic Relations did not gain any "authority to act beyond the jurisdiction granted" to the court in the act of creation. This statute did not authorize the action taken in this case.

The following summary expresses my conclusions reached after a study of this unusual record:

1. Upon compliance with the provisions of *Tex. Family Code Ann. sec. 51.04(b) (1975),* the county court of Jefferson County at Law, No. Two, may exercise juvenile court jurisdiction when properly designated as a juvenile court by the juvenile board of the county.

2. *Tex.Rev.Civ.Stat.Ann. art. 200b* does not authorize the transfer of a juvenile case pending in a district court designated as a juvenile court to said County Court at Law, No. Two. *J. W. B. v. State,* supra, 561 S.W.2d at 959.

3. Nor may the judge of said County Court at Law sit as an acting or presiding judge in a case pending in the district court sitting as a juvenile court. *J. W. B. v. State,* supra.

4. The County Court at Law had no jurisdiction to hear and determine the case at the bar; consequently, the judgment and orders entered are void and of no force and effect. See *Brazzel v. Murray,* 481 S.W.2d 801, 803 (Tex.1972).

Since the trial court below never acquired jurisdiction of the cause or of the person of the minor, its judgment and order is void. Nevertheless, we have jurisdiction over these appellate proceedings to declare its invalidity. *Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823, 827 (1961); *Travelers Express Company, Inc. v. Winters,* 488 S.W.2d 890, 892 (Tex.Civ.App.—El Paso 1972, writ ref'd n. r. e.); *Brady v. Fry,* 517 S.W.2d 304, 308 (Tex.Civ.App.—Beaumont no writ).

I would reverse the void order, as has been done by the majority, and concur in the remand of the cause to the 317th Judicial District Court of Jefferson County for further proceedings.

CLAYTON, J., joins in this concurring opinion.

---

2. The Family District Court Act, *Tex.Rev.Civ. Stat.Ann. art. 1926a (Supp.1978–79),* rechris- tened such court as the 319th Judicial District Court of Nueces County.