**In the Matter of Appeal of B. Y.**

No. 6835.

Court of Civil Appeals of Texas, El Paso.

July 25, 1979.

Rehearing Denied Aug. 8, 1979.

**350**

Jimmie D. Oglesby, Midland, for appellant.

Leslie C. Acker, County Atty., L. Jean Wallace, Asst. County Atty., Midland, for appellee.

## OPINION

STEPHEN J. PRESLAR, Chief Justice.

This appeal is from the order of the Juvenile Court of Midland County waiving its exclusive jurisdiction of a minor and transferring the juvenile to the District Court for criminal proceedings. We affirm.

The sixteen-year old Appellant was arrested and charged with violations of Sections 21.10 and 21.09 of the Texas Penal Code in the County Court at Law of Midland County, Texas, sitting as a Juvenile Court. The State filed a motion requesting waiver of that Court's jurisdiction to criminal District Court under Section 54.02 of the Texas Family Code. The Juvenile Court, after hearing, granted such motion and it is from that order that this appeal is taken.

Appellant asserts that the County Court at Law did not have subject matter jurisdiction in that it was not a Court possessed of Juvenile Court jurisdiction.

The Midland County Court at Law owes its creation and jurisdiction to Article 1970–370, Tex.Rev.Civ.Stat.Ann. (Acts 1977, 65th Leg.). The Act specifies the Court's jurisdiction as:

"[A]ll causes and proceedings, civil, criminal, juvenile . . . over which by the constitution and general laws of the state the county courts have jurisdiction, and its jurisdiction is concurrent with that of the County Court of Midland County."

This Court recently held that the County Court of Midland County possessed juvenile jurisdiction. In *Matter of G. B. B.*, 572 S.W.2d 751 (1978, writ ref'd n. r. e.). If that decision is correct, then it follows that the Midland County Court at Law is likewise possessed with juvenile jurisdiction by the wording of Article 1970–370, supra.

Appellant contends that our decision in *Matter of G. B. B.* is wrong; that the constitutional County Court of Midland does not have juvenile jurisdiction. He cites two cases which appear to be contrary to our holding in *G. B. B.* because of their construction of Section 51.04 of the Tex. Family Code Ann. *Hury v. Magee*, 575 S.W.2d 345 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ dism'd w. o. j.); *E___ S___ v. State*, 536 S.W.2d 622 (Tex.Civ.App.—San Antonio 1976, no writ). Section 51.04 of the Texas Family Code is entitled "Jurisdiction." It provides:

(a) The juvenile court has exclusive original jurisdiction over proceedings under this title.

(b) In a county having a juvenile board, the board shall designate one or more district, criminal district, domestic relations, juvenile, or county courts or county courts at law as the juvenile court, subject to Subsection (d) of this section.

The holding of both of the above cases is that that language does not grant jurisdiction to a court not already possessing it. In other words, it does not create new juvenile court jurisdiction where it did not already exist, but was a designation of a court having such power as being the juvenile court. In both of those cases, the court designated by the Board as the juvenile court had not been given jurisdiction over juvenile matters from a source other than the Family Code. In *Matter of G. B. B.*, the Midland County Court had been given jurisdiction over juvenile matters by Article 2338(1), Sec. 4, Tex.Rev.Civ.Stat.Ann. We adhere to our decision in that case for the reasons therein stated, and for the further reason that the Supreme Court refused a writ of error—no reversible error—in that case and the other two cases have not been passed on by the Supreme Court. The "no reversible error" designation becomes im-

portant when we consider that we specifically ruled on the basic question of jurisdiction, and had our decision been wrong it most certainly would have been reversible error.

■ Appellant urges that there was a lack of personal jurisdiction because the notice requirements of the Family Code were not satisfied. A detention hearing was held on September 28, 1978, and on that same day the State filed its motion requesting the Court to waive its jurisdiction. Summons was issued and served commanding the juvenile and his parents to appear at a hearing to be held on October 9, 1978, on the waiver motion. Thereafter, the State determined that it could not have available a witness for that date and orally requested the attorney for Appellant to reschedule the matter for October 13. Counsel for Appellant later determined that he could not be present on that date, and he and State's counsel orally agreed for the matter to be heard on October 16, and the matter was heard at that time. No further summons or process of any kind was issued to either parent or the child. The child was in detention and the parents were notified by Appellant's attorney, and all appeared at the hearing on October 16th. Appellant cites several cases holding that even a technical defect in the summons deprives a court of jurisdiction, and that this defect cannot be waived. In *Matter of W. L. C.*, 562 S.W.2d 454 (Tex.1978); *In re K. W. S.*, 521 S.W.2d 890 (Tex.Civ.App.—Beaumont 1975, no writ); *In re I. Y.*, 535 S.W.2d 729 (Tex.Civ.App.—Eastland 1976, no writ). These cases are not applicable in that they involve defective or complete lack of summons resulting in jurisdiction never attaching. In the case before us, there is no contention that the summons served on the juvenile and his parents was in any way defective and not sufficient to confer jurisdiction; rather, the argument is that the jurisdiction acquired over the person of the Appellant by the service of summons to appear at the October 9 hearing was lost when the Court failed to convene that hearing. We are unable to agree, and conclude that the validity acquired jurisdiction did not cease because the parties agreed to a continuance. Appellant's position would require a second or possibly a third summons because of the continuances. Due process was afforded; the purposes of notice were present; a second or third summons would have afforded Appellant nothing more. In *Matter of B. R. D. v. State*, 575 S.W.2d 126 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.), it was held that the original summons was sufficient to confer jurisdiction, and a second set of summons was not needed when the certification hearing was continued on the Appellant's motion; the court there noted that nowhere does the Family Code require sending a second set of summons.

■ Appellant asserts error in that the Court did not comply with Section 54.02(h) Tex. Family Code Ann., which provides in part:

If the juvenile court waives jurisdiction, it shall state specifically in the order its reasons for waiver . . .

Reversible error is not present here by the fact that the Court's order seems to parrot the Section 54.02 list of factors the Court should consider in making a transfer; the enumerated reasons are supported by evidence. The order is sufficient. In *Matter of K__ W__ E__*, 556 S.W.2d 626 (Tex. Civ.App.—Waco 1977, no writ). We have examined the statement of facts and find the evidence sufficient to support the Court's findings.

All points of error have been considered and all are overruled. The judgment of the trial Court is affirmed.