# Court of Appeals
## Tenth Appellate District of Texas

═══════════════
10-25-00314-CV
═══════════════

In the Matter of C.C., a Juvenile

═══════════════════════════

On appeal from the
474th District Court of McLennan County, Texas
Judge E. Alan Bennett, presiding
Trial Court Cause No. 2025-53-J

═══════════════════════════

JUSTICE HARRIS delivered the opinion of the Court.

## MEMORANDUM OPINION

Appellant C.C. challenges the juvenile court's Waiver of Jurisdiction and Order of Transfer to a Criminal Court on the basis that the court lacked jurisdiction to proceed with the transfer hearing absent proper notice. Contrary to the two issues presented, we find that the two-day personal service requirement was satisfied and that the summons provided sufficient notice that the purpose of the hearing was for the consideration of a discretionary transfer to criminal court. We affirm the trial court's Waiver of Jurisdiction and Order of Transfer to a Criminal Court.

**Background**

The State filed its Petition for Discretionary Transfer to Criminal Court (the "Petition") alleging the C.C. committed the offense of aggravated robbery by using or exhibiting a deadly weapon while committing theft. Attached to the Petition was an Order directing C.C. to appear "on the 12th day June, 2025 at 9:30 A.M., in the 474th Judicial District Court of McLennan County, located at the Bill Logue Juvenile Justice Center, Waco, Texas, for a hearing on the State's Petition for Discretionary Transfer to a Criminal District Court." Identical summons addressed to C.C. and C.C's mother respectively were issued May 22, 2025. Service was completed on both C.C. and his mother on June 10, 2025.

The summons received by C.C. thrice mentioned the Petition for Discretionary Transfer to Criminal Court and attached a copy of the same. The summons stated that the Petition would be heard on June 12, 2025. The record does not reflect any hearing on the Petition or otherwise took place on June 12, 2025. Subpoena applications were filed with the Clerk, reflecting a setting date of August 4, 2025, but the record reflects no hearing on the Petition on that date either. No subsequent summons was served.

The transfer hearing was held on August 14, 2025. The attorney for C.C., C.C's mother, and C.C. all attended the hearing. On the same day, the

trial court signed the Waiver of Jurisdiction and Order of Transfer to a Criminal Court pursuant to TEX. FAM. CODE ANN. § 54.02. This appeal followed.

In his appeal, C.C. raised two issues, alleging that (1) the juvenile court lacked jurisdiction because TEX. FAM. CODE ANN. § 53.07(a)'s two-day, personal-service requirement, incorporated by TEX. FAM. CODE ANN. § 4.02(b), was not satisfied, and that (2) the juvenile court lacked jurisdiction because the summons did not state that the hearing was for discretionary transfer, as § 54.02(b) requires. TEX. FAM. CODE ANN. § 54.02. The State did not dispute that the appropriate standard of review is a de novo standard.[1]

**Issue One – Service Requirement was Satisfied**

Section 53.07(a) of the Texas Family Code states, "the summons shall be served upon him personally at least two days before the day of the adjudication hearing." TEX. FAM. CODE ANN. § 53.07. Here, there is no dispute that the summons C.C. received on June 10, 2025, occurred more than two days before the transfer hearing that took place on August 14, 2025. C.C. argues that the trial court lacked jurisdiction because the summons received by C.C. was not received more than two days before the date listed within the summons—June 12, 2025. Section 53.07(a) addresses the link

---

[1] Even if the Court reviewed the trial court's entry of Waiver of Jurisdiction and Order of Transfer to a Criminal Court under an abuse of discretion standard, the result would not change.

between the receipt of summons and the hearing, not a date listed within the summons. The plain language of the statute requires only that a summons be received two days before the hearing. Clear statutory text is determinative of legislative intent. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). We are not persuaded to read in additional requirements about the date listed within a summons, especially when nothing in the record suggests that C.C., his mother, or his lawyer were deprived of actual notice of the transfer hearing. *See Ex parte Rodriguez*, 466 S.W.3d 846, 853 (Tex. Crim. App. 2015) (the court notes evidence of actual notice in its evaluation of waiver of defect in the service of summons). Such an argument is better taken up with the legislature.

With regard to the change between the hearing date listed within the summons and the actual date the hearing was held, courts across Texas have agreed that if the record affirmatively shows that appellant received a summons, jurisdiction would have then attached, and further summons would not be required after each hearing postponement. See *Matter of C.C.G.*, 805 S.W.2d 10, 13 (Tex. App.—Tyler 1991, writ denied); *In re E.S.*, No. 05-01-01353-CV, 2002 WL 826960, at *1 (Tex. App.—Dallas May 2, 2002, no pet.); *In re R.M.*, 648 S.W.2d 406, 407 (Tex. App.—San Antonio 1983, no writ); *In the Matter of B.Y.*, 585 S.W.2d 349, 351 (Tex. Civ. App.—El Paso 1979, no

writ); *See Ex parte Rodriguez*, 466 S.W.3d 846, 850 (Tex. Crim. App. 2015). Here, the record affirmatively shows that C.C. received a summons. Unlike the case in *Rodriguez*, the record does not show that C.C. had to appear and have the hearing reset within two days of first receiving his summons. Rather, the first hearing and appearance that took place according to the record is the transfer hearing that occurred August 14, 2025—more than two months after C.C. received the summons.

Even if this Court was persuaded that the listed date of June 12, 2025, within the summons created a defect in the summons, defects in summons do not deprive the trial court of jurisdiction and can be waived. *Hidalgo v. State*, 945 S.W. 2d 313, 318 (Tex. App.—San Antonio 1997), aff'd, 983 S.W. 2d 746 (Tex. Crim. App. 1999). In *Rodriguez*, the court found that the defect associated with service of summons, namely a defect with the date listed in the summons, was waivable. *Ex parte Rodriguez*, 466 S.W.3d 846, 855 (Tex. Crim. App. 2015). While there was no record to confirm such a waiver in *Rodriguez*, here the record shows that C.C. and his attorney voluntarily appeared and announced ready at the transfer hearing, that the trial court advised C.C. of his rights and consequences, that C.C. understood and acknowledged the rights and consequences, and that C.C. and his attorney agreed to proceed.

We find that the record affirmatively shows C.C. was served summons more than two days prior to the transfer hearing, that jurisdiction attached, and that a defect in the summons, if any, regarding the hearing date listed therein, was waived.

**Issue Two – Summons Sufficiently Stated Purpose of Hearing**

C.C. complains that the summons served on him was invalid under Section 54.02(b) of the Family Code because it did not state that the hearing was for a discretionary transfer. TEX. FAM. CODE ANN. § 54.02(b) Section 54.02(b) states:

> The petition and notice requirements of Sections 53.04, 53.05, 53.06, and 53.07 of this code must be satisfied, and the summons must state that the hearing is for the purpose of considering discretionary transfer to criminal court.

*See Id.*

The Court of Criminal Appeals has held that the summons need not even expressly contain the words "to criminal court" to satisfy Section 54.02(b) if the summons expressly incorporates the attached petition by reference and the petition contains references to criminal proceedings in criminal court. *Hardesty v. State*, 659 S.W.2d 823 (Tex. Crim. App. 1983). Here, the summons *did* expressly contain the words "to criminal court" and also attached the petition by reference. Specifically, the summons stated:

AND WHEREAS, the said **PETITION FOR DISCRETIONARY TRANSFER TO A CRIMINAL DISTRICT COURT** will be heard by said Court, at **BILL LOGUE JUVENILE JUSTICE CENTER, 2601 GHOLSON ROAD, WACO, TEXAS**, on the **12TH** day of **JUNE**, **2025** at **9:30** o'clock **AM**

The above language makes clear that the express purpose of the hearing is, at least in part, for the consideration of the Petition. The summons, notifying C.C. "to appear … and to hear" the Petition, adequately gives notice as to the purpose of the hearing and complies with Section 54.02(b). *Polanco v. State*, 914 S.W.2d 269, 270 (Tex. App.—Beaumont 1996, pet. ref'd).

## Conclusion

Because we find the court had proper jurisdiction to proceed with the transfer hearing, we affirm the trial court's Waiver of Jurisdiction and Order of Transfer to a Criminal Court.

 

_____
LEE HARRIS
Justice

OPINION DELIVERED and FILED: February 26, 2026

Before Chief Justice Johnson,
    Justice Smith, and
    Justice Harris
Affirmed
CV06

